**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 2:11-CV-68 |
| | § | |
| HTC CORPORATION, HTC AMERICA, | § | **JURY TRIAL REQUESTED** |
| INC., and EXEDEA, INC., | § | |
| | § | |
| Defendants. | § | |

**STIPULATION FOR SUPPLEMENTAL PROTECTIVE ORDER BETWEEN
NON-PARTY QUALCOMM INC., WI-LAN INC., AND ALL DEFENDANTS**

WHEREAS, Rodney Gilstrap, United States District Judge, entered a Protective Order to govern discovery in the above-referenced action ("this action") on May 23, 2012 (Dkt. No. 87) ("Protective Order"); and

WHEREAS, Plaintiff Wi-LAN, Inc. ("Wi-LAN"), wishes to review source code and other documents in this action that include or incorporate confidential information belonging to QUALCOMM Incorporated ("QUALCOMM"), a non-party to this action, ("QUALCOMM Confidential Information"), including QUALCOMM confidential source code incorporated into, modified or customized for the accused products of one or more defendants in this action;

WHEREAS for which Wi-LAN, HTC Corporation, HTC America, Inc., and Exedea, Inc. ("Defendants"), and QUALCOMM have agreed to additional provisions to protect against misuse or disclosure of such QUALCOMM Confidential Information;

Wi-LAN, Defendants, and QUALCOMM, by the signatures of counsel below, HEREBY STIPULATE AND AGREE that source code or documents that incorporate QUALCOMM Confidential Information produced in connection with the above-captioned matter that are designated as "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" and "QUALCOMM –

OUTSIDE ATTORNEYS EYES ONLY – SOURCE CODE" shall be subject to the following restrictions:

**A.**     **Definitions**

1.      "QUALCOMM Material":  all information, documents, testimony, and things produced, served, or otherwise provided in this action by any Party or by non-party QUALCOMM, that include or incorporate QUALCOMM Confidential Information.

2.      "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" material: information, documents, and things that include or incorporate non-Party QUALCOMM's confidential information.

3.      "Wi-LAN" means plaintiff Wi-LAN, Inc., including all of its officers, directors, and employees.

4.      "Personnel Retained by Wi-LAN in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by Wi-LAN in this action.  For the sake of clarity, any person who was retained by Wi-LAN in this action will no longer fall under this definition if that person ceases to be retained by Wi-LAN in this action.

5.      "Party" shall have the same meaning ascribed to it in the Protective Order.

6.      "Producing Party" and "Receiving Party" shall have the same meanings as ascribed to those terms in the Protective Order, except that both definitions as used herein shall also extend to "Designated QUALCOMM Material" as defined herein.

7.      "Authorized Reviewer(s)" shall mean persons authorized to review "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY – SOURCE CODE" material in accordance with this Order and the Protective Order.

8.      For purposes of this Order, "Source Code" includes human-readable programming language text that defines software or firmware (collectively "software source

code").  Text files containing source code shall hereinafter be referred to as "source code files."
Software source code files include, but are not limited to files containing source code in "C",
"C++", assembler, and digital signal processor (DSP) programming languages. Software source
code files further include ".include files," "make" files, "link" files, and other human-readable
text files used in the generation and/or building of software directly executed on a
microprocessor, micro-controller, or DSP.

9.      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"
material:  source code that the Producing Party believes in good faith includes or incorporates
Non-Party QUALCOMM's confidential information that is not generally known to others, and
has significant competitive value such that unrestricted disclosure to others would create a
substantial risk of serious injury, and that Non-Party QUALCOMM would not normally reveal to
third parties except in confidence, or has undertaken with others to maintain in confidence.  This
includes source code in the Producing Party's possession, custody, or control, and made
available for inspection by the Producing Party.

10.     "Designated   QUALCOMM   Material":     material   that   is   designated
"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY," or "QUALCOMM – OUTSIDE
ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

11.     "Counsel of Record":  (i) outside counsel who appears on the pleadings, or have
entered an appearance in this action, as counsel for a Party, (ii) partners, principals, counsel,
associates, employees and contract attorneys of such outside counsel to whom it is reasonably
necessary to disclose the information for this litigation, including supporting personnel employed
by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand
reporters, and/or (iii) independent legal translators retained to translate in connection with this
action, or independent shorthand reporters retained to record and transcribe testimony in
connection with this action.

12.     "Outside Consultant":  a person with specialized knowledge or experience in a
matter pertinent to the litigation who has been retained by Counsel of Record to serve as an

expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  1) a Party, 2) a competitor of a Party, or 3) a competitor of Non-Party QUALCOMM.

13.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of:  1) a Party, 2) a competitor of a Party, or 3) a competitor of Non-Party QUALCOMM.  This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Relationship to Protective Order**

14.     This Order shall not diminish any existing restriction with respect to Designated QUALCOMM Material.  Wi-LAN and Defendants acknowledge and agree that this Order is a supplement to the Protective Order entered in this action as ECF No. 087.  The Protective Order applies to all material designated pursuant to this Order.  To the extent that any provisions in this Order and the Protective Order conflict or otherwise differ, the provisions providing the higher level of protection to documents and information shall govern.

15.     In addition to the restrictions outlined in this Order, material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to obligations with respect to "CONFIDENTIAL – OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" materials outlined in the Protective Order.

16.     In addition to the restrictions outlined in this Order, material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to obligations with respect to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material outlined in the Protective Order.

**C.     Scope**

17.     The protections conferred by this Order cover not only Designated QUALCOMM Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

18.     This Order shall not prevent a disclosure to which Non-Party QUALCOMM consents in writing before that disclosure takes place.

19.     This Order shall apply to all QUALCOMM source code that is produced or provided for inspection in this action, including all QUALCOMM source code that is in the possession, custody or control of QUALCOMM or any Party in this action, or that is otherwise relevant to this action.

**D.     Access To Designated QUALCOMM Material**

20.     Access to "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" material and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material: Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, Wi-LAN may disclose any information, document or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

a.     Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

b.     Counsel of Record;

c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the acknowledgement form annexed to the Protective Order as Exhibit A, the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

d.     Any designated arbitrator or mediator who is assigned to hear this matter or who has been selected by the Parties, and his or her staff;

e.     Court reporters and videographers employed in connection with this case; and

f.     Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the acknowledgement form annexed to the Protective Order as Exhibit A, and the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A.

21.     Absent a court order or agreement of the Producing Party, Designated QUALCOMM Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

22.     The Parties acknowledge that Designated QUALCOMM Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated QUALCOMM Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government

6

authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

23.     Absent written permission from Non-Party QUALCOMM, persons not permitted access to Designated QUALCOMM Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated QUALCOMM Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated QUALCOMM Material from disclosure to persons not authorized to have access to such Designated QUALCOMM Material. Any Party intending to disclose or discuss Designated QUALCOMM Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

**E.     Access By Outside Consultants**

24.     **Notice.** If a Receiving Party wishes to disclose Designated QUALCOMM Material produced by another Party to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated QUALCOMM Material, provide notice to counsel for Non-Party QUALCOMM, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment,  a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B,

that have both been signed by that Outside Consultant.  QUALCOMM shall have five business days to raise any objections for good cause to those Outside Consultants, starting from the first business day following the date upon which Receiving Party expressly notifies QUALCOMM of that expert, whereby such express notification shall be provided to QUALCOMM directly by Receiving Party.

25.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Producing Party, Designated QUALCOMM Material may not be disclosed to mock jurors.

26.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Producing Party, Designated QUALCOMM Material may not be disclosed to any in-house counsel for the Receiving Party, including in the 60 days prior to mediations(s) and in the 60 days prior to trial.

27.     Objections. With respect to Outside Consultants that have not been previously disclosed to Non-Party QUALCOMM, Non-Party QUALCOMM shall have five (5) business days from receipt of the notice specified in Paragraph 24 to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by QUALCOMM, then Designated QUALCOMM Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by Non-Party QUALCOMM must be made for good cause, and must set forth in detail the grounds on which it is based. Should Wi-LAN disagree with the basis for the objection(s), Wi-LAN must first attempt to resolve the objection(s) informally with Non-Party QUALCOMM. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Wi-LAN was first notified of any objection for good cause by Non-Party QUALCOMM, Wi-LAN may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Non-Party Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue

8

of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Wi-LAN and Non-Party QUALCOMM, the discovery material shall not be disclosed to the person objected to by Non-Party QUALCOMM.

**F.     Production of QUALCOMM – ATTORNEYS' EYES ONLY – SOURCE CODE Material**

28.    QUALCOMM source code:

a.    To the extent that a Producing Party makes QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE material available for inspection, the Producing Party shall make such source code available electronically and in text searchable form in a secure room at a secure facility selected by the Producing Party. The Producing Party shall make the source code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). The Source Code Computer shall be configured to permit review of the source code through a password-protected account having read-only access. The Authorized Reviewer(s) may use appropriate software tools on the Source Code Computer, which shall be installed by the Producing Party, and which may include, but are not limited to, at least one text editor like Visual Slick Edit that is capable of printing out source code with page and/or line numbers, a source code comparison tool like Araxis Merge, and at least one multi-file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon software tools shall be installed on the Source Code Computer by Non-Party QUALCOMM or the producing party, and shall be paid for by the Receiving Party.

b.      The Source Code Computer shall be equipped to print copies of the source code on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the source code to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, Authorized Reviewer(s) may not print any continuous block of source code that results in more than 30 consecutive printed pages, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 30 pages, which request shall not be unreasonably denied by the Producing Party.  Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within three (3) business days of (1) any request by Wi-LAN, or (2) otherwise being notified that such original printouts have been made. Counsel of Record for Wi-LAN may request up to 10 copies of each original printout of source code. No more than 10% or 500 pages of the total source code (not including copies of original printouts), whichever is greater, for any software release may be in printed form at any one time, and all printed source code shall be logged by Wi-LAN's Counsel of Record and/or other Personnel Retained by Wi-LAN in this Action as noted in Paragraph F.28.h below. If necessary, Wi-LAN may request to print additional pages in excess of 10% of the total source code or 500 pages (whichever is greater) of total source code for a software release, which request the Producing Party shall not unreasonably deny. No additional electronic copies of the source code shall be provided by the Producing Party.  Hard copies of the source code also may not be converted into an electronic

document, and may not be scanned using optical character recognition ("OCR') technology.

c.    Authorized Reviewer(s) in this Action shall not print source code which has not been reviewed on the computer, or in order to review the source code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that source code electronically on the Source Code Computer, as Wi-LAN, QUALCOMM, and Defendants acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

d.    Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

e.    If any Authorized Reviewer(s) seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room.

f.    Where absolutely necessary or required by the Court, Wi-LAN and the Producing Party may make further copies of original source code printouts in the form required to be included in pleadings filed under seal, to be included as exhibits in expert reports, or to be used as exhibits in depositions or at trial, where such pleadings, expert reports, and transcripts from such depositions or trial are designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE". In the event copies of

source code printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter, and the further copies of the original source code printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.

g.    In addition to other reasonable steps to maintain the security and confidentiality of Non-Party QUALCOMM's source code, printed copies of the source code maintained by the Authorized Reviewer(s) must be kept in a locked storage container when not being actively reviewed or otherwise being transferred as permitted by Paragraph E.24 of the Protective Order and/or this Supplemental Protective Order.

h.    Wi-LAN's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of each Producing Party's source code was provided and when it was provided to that person.  Each Defendant's Counsel of Record may request in writing (including email) Wi-LAN's Counsel of Record to serve the log relating to source code produced by the Defendant upon the Defendant's Counsel of Record at any time after the issuance of a final, non-appealable decision resolving all issues in this case, and Wi-LAN's Counsel of Record must serve the log upon Defendant's Counsel of Record within thirty (30) days of any such written request from the Defendant's Counsel of Record. Non-Party QUALCOMM or its outside counsel may request in writing (including email) Wi-LAN's Counsel of Record to serve the log relating to source code produced by non-Party QUALCOMM upon QUALCOMM or its outside counsel at any time after the issuance of a final, non-appealable decision resolving all issues in this case, and Wi-LAN's Counsel of Record must serve the log(s) as requested within thirty (30) days of any such written request from each Defendant's Counsel of

Record.  In addition, at any time after the issuance of a final, non-appealable decision resolving all issues in this case, each Defendant's Counsel of Record may also request any Outside Consultants of the Authorized Reviewer(s) to whom the paper copies of the source code were provided to certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor, whereupon such certification shall be provided to each Defendant's Counsel of Record within thirty (30) days of that request.

**G.      Prosecution and Development Bar**

29.      Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application substantially related to the particular technology or information disclosed in the Designated QUALCOMM Material, from the time of receipt of such material through the time the individual person(s) cease to have access to materials designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Qualcomm Material so designated.  This provision shall not apply to post-grant adversarial proceedings, including reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts.

30.      Unless otherwise permitted in writing between Producing Party and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to

documents or source code designated as "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" produced by another Party must agree in writing not to perform hardware or software development work or product development work intended for commercial purposes substantially related to the particular technology or information disclosed in the Designated QUALCOMM Material from the time of first receipt of such material through the date the Outside Consultant ceases to have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY – SOURCE CODE," as well as any materials that contain or disclose Qualcomm Material so designated.

**H.    Protected Material Subpoenaed or Ordered Produced In Other Litigation**

31.    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM –OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", Receiving Party must endeavor to so notify the Producing Party of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated QUALCOMM Material in this case, is at issue in the other case, an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking

protection in that court of its Designated QUALCOMM Material. Nothing in these provisions should be construed as authorizing or encouraging any Authorized Reviewer(s) in this action to disobey a lawful directive from another court.

**I.      Unauthorized Disclosure Of Designated QUALCOMM Material**

32.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated QUALCOMM Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated QUALCOMM Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Order.

**J.      Duration**

33.      Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect for two (2) years following the termination of this action, or until Non-Party QUALCOMM agrees otherwise in writing or a court order otherwise directs.

**K.      Final Disposition**

34.      Section S.47 of the Protective Order shall not apply to Designated QUALCOMM Material.  Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including outside counsel for each Receiving Party, will destroy all Designated QUALCOMM Material produced by any other Party in this action, as well as all work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence containing information from such Designated QUALCOMM Material ("derivations") and all copies thereof, with the

exception of copies stored on back up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Producing Party with a certification stating that it, including its outside counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated QUALCOMM Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**L.      Effective Date**

35.     Wi-LAN, Defendants and QUALCOMM agree that this Supplemental Protective Order will be legally binding from the date upon which it is submitted to the Court for entry, in the form that it is submitted to the Court.  The parties acknowledge that this is a reasonable measure to allow for the review of Defendants' Source Code to proceed immediately, even if the Court has not yet formally entered this Supplemental Protective Order at that time.

**So ORDERED and SIGNED this 19th day of June, 2012.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM DEFENDANTS AND NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], state:  My business address is _____;

1.      My present employer is _____;

2.      My present occupation or job description is _____;

3.      I have been informed of and have reviewed the Supplemental Protective Order Governing Discovery From Non-Party QUALCOMM In This Case ("Supplemental Protective Order) entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *Wi-LAN Inc. v. HTC Corporation, HTC America, Inc., and Exedea, Inc.,* Civil Action No. 2:11-CV-68 in the United States District Court for the Eastern District of Texas, Marshall Division, in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to this Supplemental Protective Order.

4.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed On_____.


_____
[Printed Name]


_____
[Signature]

17

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM DEFENDANTS AND
NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party or Non-Party QUALCOMM and will not use any

information, documents, or things that are subject to the Supplemental Protective Order

Governing Discovery From Non-Party QUALCOMM In This Case in the matter of *Wi-LAN Inc.*

*v. HTC Corporation, HTC America, Inc., and Exedea, Inc.,* Civil Action No. 2:11-CV-68 for any

purpose other than this litigation.  I agree not to perform hardware or software development work

or product development work intended for commercial purposes relating to the particular

technology or information disclosed in the Designated QUALCOMM Material, from the time of

receipt of such material through and including the first to occur of:  (i) the date that I cease to

represent the Party who retained me; or (ii) the date that I cease to have access to any material

designated "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed On_____.

_____

[Printed Name]

_____

[Signature]

18