IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:11-cv-68-JRG |
| HTC CORPORATION, et al., | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is Defendants HTC Corporation, HTC America, Inc. and Exedea, Inc.'s (collective, "HTC" or "Defendants") motion to transfer venue. HTC contends that the United States District Court for the Western District of Washington is a more convenient forum than the Eastern District of Texas and seeks to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court, having considered the venue motion, the related briefing, and oral argument of counsel, **DENIES** HTC's motion to transfer venue. HTC has failed to satisfy the threshold question of whether this action could have originally been brought in the Western District of Washington. This is HTC's burden and they have failed to meet it. *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F. 3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Wi-LAN, Inc. ("Wi-LAN") filed the present suit on February 2, 2011, alleging that certain HTC products infringe U.S. Patent Nos. RE37,802 ("the '802 patent") and 5,282,222 ("the '222 patent"). Wi-LAN is a Canadian patent-holding company based in Ottawa, Ontario, Canada, with an office located in Marshall, Texas. (Dkt. No. 20.)

HTC Corporation is organized and existing under the laws of Taiwan and has its principal place of business in Taoyuan, Taiwan. HTC America, Inc., a subsidiary of HTC Corp., is a Washington corporation with its principal place of business in Bellevue, near Seattle, Washington. HTC America is responsible for the marketing and sale of HTC cell phones in the United States. Exedea, Inc. ("Exedea"), now a dissolved company,[1] was formerly a corporation organized under the laws of Texas, but had no locations or employees in the United States. Exedea's sole function within the HTC corporate structure was to take title to imported phones from overseas before transferring them to a third-party distribution center in Indiana.

## III. LEGAL STANDARDS

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The

---

[1] Exedea's corporate dissolution occurred during the pendency of this lawsuit and, according to Texas law, its existence continues for the purposes of this suit and the present motion to transfer. *See* TEXAS BUSINESS ORGANIZATIONS CODE § 11.356 ("Notwithstanding the termination of a domestic filing entity under this chapter, the terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for the purposes of … prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity").

moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

IV.  ANALYSIS

    A.  **Whether the Action Could Have Originally Been Brought in the Western District of Washington**

The parties dispute whether this action could have originally been filed in the Western District of Washington. Specifically, the parties disagree as to whether Exedea would be subject to jurisdiction in the Western District of Washington.[2]

In determining whether specific jurisdiction over an out-of-state defendant exists in a patent case, Courts look to whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *PacTool Int'l Ltd. v. Kett Tool Co.*, 2011 U.S. Dist. LEXIS 21759, at *7, C06-5367BHS (W.D. Wash. March 3, 2011) (citing *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)).

HTC argues that Exedea satisfies all three prongs of this test because (1) it sold at least 5,135 Nexus One mobile phones through its distributor to numerous retail customers in the State of Washington, (2) it sold a product that allegedly infringes a patent, which is a violation of the law whenever the sale takes place in the United States, and (3) there is no indication that it would be unreasonable to exercise jurisdiction in the Western District of Washington. (Dkt. No. 76, at 2.) Wi-LAN responds that the Western District of Washington has no specific jurisdiction over

---

[2] HTC did not even address this argument until it filed its *Reply* brief. In its opening Motion, HTC merely argued that "Wi-LAN could have brought this action against HTC in the Western District of Washington … because HTC America resides in that district. Therefore, the requirement that the proposed transferee venue is a proper one is satisfied." (Dkt. No. 20, at 5.) This analysis is clearly insufficient. There is no legal authority to support HTC's original assertion that a showing of jurisdiction over one corporation can be used to establish jurisdiction over a separate corporation. To meet the threshold §1404 inquiry, HTC must show that the case could have been brought against *each* Defendant in the proposed transferee forum. The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004); *see also* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business").

Exedea, because Exedea did not "purposefully" direct its activities to the residents of that District. (Dkt. No. 81.)

The Court agrees with Wi-LAN. Testimony from HTC's own 30(b)(6) witness makes it clear that Exedea provided nothing more than "inventory management services" in connection with the shipment of Nexus One phones from Google's manufacturer (HTC Corp. in Taiwan) to Google's distributor (Brightpoint in Indiana). (Dkt. No. 66-12, ¶¶46, 87, 90-94.) Exedea's "services" consisted of simply signing for the Nexus One phones when they arrived in the United States and verifying shipping information. (*Id.*) Exedea never transmitted instructions to Brightpoint concerning shipments of products to Washington and had no role in determining where or to whom the product would be shipped after it arrived at Brightpoint in Indiana. (*Id.*, at ¶¶94-95.) Exedea never sold phones to end users in Washington (*Id.* ¶¶88-89), never conducted marketing activities or solicited business in Washington (*Id.* ¶95), and never travelled to Washington to sell products (*Id.* ¶96). Because Exedea never purposefully directed its activities toward anyone in Washington, there is no specific jurisdiction over Exedea in Washington.[3]

---

[3] Magistrate Judge Love reached the same conclusion in a different case involving Exedea in the context of a motion to transfer venue to the Northern District of California. *See Gemalto S.A. v. HTC Corp.*, 6:10-cv-561, 2011 WL 5838212 (E.D. Tex. Nov. 18, 2011).

## V.   CONCLUSION

HTC has failed to meet its burden to satisfy the threshold inquiry under the §1404 analysis with respect to Exedea and therefore has not established that this action could have been originally filed in the Western District of Washington.  Accordingly, the Defendants' Motion to transfer venue is **DENIED**.

**So ORDERED and SIGNED this 27th day of June, 2012.**

```
                            _____
                            RODNEY GILSTRAP
                            UNITED STATES DISTRICT JUDGE
```