UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WI-LAN INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| HTC CORPORATION, HTC AMERICA, § | Civil Action No. 2:11-cv-68-JRG |
| INC., and EXEDEA, INC. § | |
| § | |
| Defendants. § | JURY TRIAL REQUESTED |
| § | |
| § | |

## FIRST AMENDED COMPLAINT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this First Amended Complaint for patent infringement against "HTC," which refers to Defendant HTC Corporation, Defendant HTC America, Inc., and Defendant Exedea, Inc., for infringement of U.S. Patent No. RE37,802 ("the '802 Patent") and U.S. Patent No. 5,282,222 ("the '222 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271.  Copies of the Patents-in-Suit are attached as Exhibits A and B.

## PARTIES

1. Plaintiff Wi-LAN is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. Upon information and belief, Defendant HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, R.O.C.

3.     Upon information and belief, Defendant HTC America, Inc., is a subsidiary of Defendant HTC Corporation. HTC America, Inc. is a Texas corporation with a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. In addition, HTC America, Inc. has an office in Houston, Texas and is qualified to do business in Texas.

4.     Upon information and belief, Defendant Exedea, Inc., is a subsidiary of Defendant HTC Corporation. Exedea, Inc. is a Texas corporation with a principal place of business at 5950 Corporate Drive, Houston, Texas 77036.

5.     Defendants HTC Corporation, HTC America, Inc., and Exedea, Inc. are collectively referred to herein as "HTC."

## JURISDICTION AND VENUE

6.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of

commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas and, particularly, within the Eastern District of Texas.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I: PATENT INFRINGEMENT

10. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued the '802 Patent, entitled "Multicode Direct Sequence Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent, including the right to recover damages for past infringement.

11. The '802 Patent is valid and enforceable.

12. On January 25, 1994, the United States Patent and Trademark Office duly and legally issued the '222 Patent, entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent, including the right to recover damages for past infringement.

13. The '222 Patent is valid and enforceable.

14. Upon information and belief, HTC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally

and/or under the doctrine of equivalents, the '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, and/or the IEEE 802.11 standards that fall within the scope of at least one claim of the '802 Patent.

15. Upon information and belief, HTC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the IEEE 802.11, IEEE 802.16, LTE, and/or Bluetooth 3.0 standards that fall within the scope of at least one claim of the '222 Patent.

16. Wi-LAN has no adequate remedy at law against HTC's acts of infringement, and, unless HTC is enjoined from its infringement of the Patents-in-Suit, Wi-LAN will suffer irreparable harm.

17. HTC has had actual knowledge of the Patents-in-Suit, and actual knowledge that its activities constitute either direct or indirect infringement of the Patents-in-Suit, and has not ceased its infringing activities. HTC's infringement of the Patents-in-Suit has been and continues to be willful and deliberate. HTC also has knowledge of the Patents-in-Suit by way of this complaint and to the extent it does not cease its infringing activities its infringement is and continues to be willful and deliberate.

18. HTC, by way of its infringing activities, has caused and continues to cause Wi-LAN to suffer damages in an amount to be determined at trial.

McKool 846435v2

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

1. A judgment in favor of Wi-LAN that HTC has infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

2. A permanent injunction, enjoining HTC and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

3. Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for HTC's past infringement and any continuing or future infringement up until the date HTC is finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

4. A judgment and order requiring HTC to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

5. Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

6. Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

McKool 846435v2

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

DATED: December 6, 2012.　　　　　　　　　Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Kevin Schubert
kschubert@mckoolsmith.com
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Dirk D. Thomas
dthomas@mckoolsmith.com
MCKOOL SMITH, P.C.
1700 K Street, NW, Suite 740
Washington, DC 20006
Telephone: (202) 370-8300
Facsimile: (202) 370-8344

**ATTORNEYS FOR PLAINTIFF WI-LAN, INC.**

McKool 846435v2