
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN, INC.,<br>    *Plaintiff,*<br><br>v.<br><br>HTC CORPORATION, et al.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:11-cv-68-JRG<br>CONSOLIDATED |
| WI-LAN, INC.,<br>    *Plaintiff,*<br><br>v.<br><br>APPLE, INC., et al.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:12-cv-600-JRG |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Before the Court is Defendant Dell Inc.'s ("Dell") Motion for Partial Summary Judgment of Non-Infringement (2:12-cv-600, Dkt. No. 192). In its Motion, Dell moves for partial summary judgment based upon a stipulated dismissal with prejudice of an earlier case involving the same patents-in-suit and certain overlapping products. *Id*. After considering the parties' written submissions, the Court **GRANTS-IN-PART** Dell's Motion to the extent that it applies to overlapping products in existence on or before March 11, 2011 and **DENIES-IN-PART** Dell's Motion to the extent that it (1) is applies to overlapping products that came into existence after March 11, 2011 and (2) to the extent that it applies to non-overlapping products, regardless of the dates they came into existence.

## II. Facts and Procedural Background

In this patent infringement action, Plaintiff Wi-LAN, Inc. ("Wi-LAN") accuses Dell of infringement of U.S. Patent Nos. 5,282,222 and RE37,802 ("the '222 Patent" and "the '802 Patent"). This is not the first time that Wi-LAN has sued Dell for infringing these patents. In *Wi-LAN Inc. v. Dell Inc. et al.,* 2:07-cv-473 (E.D. Tex.) ("*Wi-LAN I*"), Wi-LAN accused Dell of infringing three patents, including the '222 Patent and the '802 Patent. (*Wi-LAN I*, Am. Compl. ¶¶ 18-19). Dell and Wi-LAN litigated *Wi-LAN I* until the eve of trial, and then settled immediately prior to jury selection. In resolving *Wi-LAN I*, Wi-LAN and Dell filed a Stipulation and Joint Motion to Dismiss With Prejudice on March 11, 2011, which was granted by this Court. (*Wi-LAN I*, Dismissal Order, Dkt. No. 1139). The terms of the Dismissal Order stated:

> PURSUANT TO STIPULATION, IT IS HEREBY ORDERED that:
>
> (1) All claims against Dell presented by Wi-LAN's Complaint and all of Dell's counterclaims shall be dismissed with prejudice;
>
> (2) Wi-LAN reserves all rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011 and Dell expressly reserves all counterclaims or defenses as to any future actions by Wi-LAN against Dell; and
>
> (3) Wi-LAN and Dell shall each bear their own costs and attorneys' fees.

(*Id*. at 1.)

The present action was filed by Wi-LAN on September 1, 2011 ("*Wi-LAN II*"). In the current Complaint, Wi-LAN again accuses Dell of infringing the '222 Patent and the '802 Patent. (Am. Compl. ¶ 20.) In addition to several of the accused products from *Wi-LAN I*, Wi-LAN in its Complaint in *Wi-LAN II* identifies several newly accused products, such as Dell cellular telephones, tablets, and wireless broadband cards. (2:12-cv-600, Dkt. No. 192, at 4.) However, Wi-LAN also accuses several Dell products that were previously accused of infringing the '222

and '802 Patents in *Wi-LAN I* (the "Overlapping Accused Products"). *Id*. The parties' dispute before the Court in this motion relates to whether Wi-LAN's claims against the Overlapping Accused Products are barred under the agreed dismissal order pursuant to the doctrine of *res judicata*.

### III. Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, courts must review "facts … in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scot v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

Under the doctrine of *res judicata* claim preclusion, a plaintiff's cause of action, once decided on the merits, may not be relitigated. "The general concept of claim preclusion is that when a final judgment is rendered on the merits, another action may not be maintained between the parties on the same 'claim,' and defenses that were raised or could have been raised in that action are extinguished." *Hallco Mfg. Co., Inc. v. Foster*, 356 F.3d 1290, 1294 (Fed. Cir. 2001). As described by the Supreme Court:

> Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was

3

> offered and received to sustain or defeat the claim or demanded, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatsoever." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948).

*Nevada v. United States*, 463 U.S. 110, 129-30 (1983). Consistent with the *Nevada* decision, the Fifth Circuit applies claim preclusion where: "(1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases." *Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir. 2009) (citation omitted).

Although *res judicata* prevents parties form re-litigating essentially the same claim that has been finally determined, there are at least two exceptions to that principle, as shown in RESTATEMENT (SECOND) OF JUDGMENT § 26 (hereinafter "Restatement § 26"). Specifically, *res judicata* or claim preclusion does not apply in the following situations:

(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or

(b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action.

Restatement § 26(1)(a) & (b).

The Court finds that these exceptions apply in the present case. Since a main purpose of claim preclusion is to protect the defendant from being harassed by repetitive actions, claim preclusion is not applicable where the defendant consents "in express words or otherwise" to the splitting of the claim. Restatement § 26, cmt. A. In fact, the parties may enter into an agreement, not directed to a particular contemplated action, "which may have the effect of

preserving a claim that might otherwise be superseded by a judgment." *Id*.; *see also Pactiv Corp. v. Dow Chem., Co.*, 449 F.3d 1227, 1231 (Fed. Cir. 2006).

    IV.    **Analysis**

Dell contends that it is entitled to partial summary judgment under the doctrine of *res judicata* such that Wi-LAN is precluded from maintaining this action with respect to the Overlapping Accused Products that were previously accused of infringing the same patents in *WI-LAN I*. (Dkt. No. 192, at 1.) Dell argues that the March 23, 2011 Dismissal Order form *Wi-LAN I* constitutes a judgment on the merits because it recites that "[a]ll claims against Dell presented by Wi-LAN's Complaint and all of Dell's counterclaims shall be dismissed with prejudice." (*Wi-LAN I* Dismissal Order at 1.) Further, Dell contends that the Dismissal Order has the effect of a trial on the merits and such "has already determined, for all time, that the Overlapping Dell Products do not infringe the Asserted Patents." (Dkt. No. 192, at 11) (citing *Fernandez-Montes v. Allied Pilot Assn.*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of *res judicata*.").

Wi-LAN responds that Dell's motion should be denied because Dell fails to show that the *structures* accused in the Dell devices in *Wi-LAN I* are the same as in the present case. (Dkt. No. 216 at 1.) Wi-LAN argues that Dell's accused products are "highly configurable" or "customizable" by the customer and that the Overlapping Products accused in this case are not the "same" as the products in *Wi-LAN I*, even if the products share the same product name. *Id*. Wi-LAN also argues that summary judgment is improper because the dismissal order in *Wi-LAN I* expressly reserved Wi-LAN's "rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011." (*Wi-LAN I* Dismissal Order).

5

In this case, the Dismissal Order entered in *Wi-LAN I* contains a clear reservation of all of Wi-LAN's "rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011." *Id*. The language of this express reservation is sufficient to defeat preclusion based upon *res judicata*, but only to the extent such claims relate to Dell products alleged to have infringed the '222 and '802 Patents on or after March 11, 2011. The Federal Circuit adheres to the general principle that a party may expressly reserve in a judgment the right to litigate some or all issues that would have otherwise been barred between the same parties. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001).

As noted above, Restatement § 26(1)(b) also provides an exception to claim preclusion when a court order in the first action expressly reserves a party's right to maintain the second action. *See Ind. Mich. Power v. U.S.*, 422 F.3d 1369, 1378 (Fed. Cir. 2005). Dell misconstrues the facts and law and it clearly overreaches when it argues that the *Wi-LAN II* Dismissal Order "has already determined, for all time, that the Overlapping Dell Products do not infringe the Asserted Patents." (Dkt. No. 192, at 11.) The *Wi-LAN I* dismissal contains an express carve-out provision whereby "Wi-LAN reserves **all rights** to assert the Patents-in-Suit with respect to ***infringement occurring after March 11, 2011***." (*Wi-LAN I* Dismissal Order). This express stipulation by and between the parties – and adopted by the Court – defeats all of Dell's *res judicata* arguments regarding infringement occurring after March 11, 2011, regardless of whether the same family of products (*e.g.,* Dell Inspiron Notebook Computers) that are accused in this case were also accused of infringement in *Wi-LAN I*.

V.  **Conclusion**

The Court rules as a matter of law in this case that Wi-LAN's claims regarding the Overlapping Accused Products are barred to the extent that they relate to infringing activity

occurring on or before March 11, 2011. Dell's Motion for Summary Judgment is Granted to this extent only. However, the Court rules as a matter of law that such claims as to the Overlapping Accused Products are not barred to the extent they relate to infringing activity occurring after March 11, 2011. Further, Dell's Motion for summary judgment is Denied as to all Non-Overlapping Accused Products, regardless of when they are alleged to have infringed the '222 and '802 Patents.

Therefore, Dell's Motion for Summary Judgment is **GRANTED-IN-PART and DENIED-IN-PART to the extent and as described above**.

**So ORDERED and SIGNED this 25th day of March, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE