IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:11-CV-68-JRG |
| | § | |
| HTC CORP., et al., | § | **CONSOLIDATED WITH** |
| | § | |
| Defendants. | § | CASE NO. 2:12-cv-600-JRG |
| | § | |

## PRETRIAL ORDER

The Court held pretrial hearings on September 26, October 1, 2013, and October 10, and heard argument on Defendants' Motion to Strike Portions of the Expert Reports of Alexander Haimovich, Ph.D. and Geoffrey Orsak, Ph.D. (Dkt. No. 457), Defendants' Joint Motion to Strike the Testimony of and Preclude the Opinion of Plaintiff's Expert Jeffrey T. Prince Regarding His Surveys on Consumer Preference (Dkt. No. 495), Wi-LAN's *Daubert* Motion to Exclude the Report and Testimony of Matthew B. Shoemake Regarding Issues Related to the IEEE 802.11 Standards Process (Dkt. No. 497), Plaintiff Wi-LAN's *Daubert* Motion to Exclude the Report and Testimony of Matthew B. Shoemake Regarding patents Relevant, Related, or Essential to the IEEE 802.11n Standard and Patent Search Related Thereto (Dkt. No. 498), Plaintiff's Motion to Exclude and Strike Portions of the Expert Report and Testimony of Dr. Kevin J. Negus on FCC-related Issues (Dkt. No. 499), Defendants' Joint Motion to Strike and Preclude the Expert Reports and Testimony of Dr. Michael P. Akemann, Dr. David J. Teece, and Richard J. Holleman on FRAND (Dkt. No. 500), Defendants' Daubert Motion to Exclude the Report and Testimony of Michael P. Akemann Regarding Damages (Dkt. No. 501), Plaintiff's Motion to Exclude and Strike

1

Portions of the Expert Report of W. Christopher Bakewell and to Preclude Expert Testimony (Dkt. No. 504), Plaintiff's *Daubert* Motion to Exclude Certain Portions of the Invalidity Reports of Matthew Shoemake and Anthony Acampora (Dkt. No. 505), Defendants' Motion for Partial Summary Judgment on the Invention Dates of the Patents-in-Suit (Dkt. No. 502), Plaintiff's Motions *in Limine* (Dkt. No. 518), Defendants' Motions *in Limine* (Dkt. No. 513), and the parties October 9, 2013 Joint Notice of Outstanding Exhibits (Dkt. No. 607). The Court announced its rulings and reasoning into the record. Any clarification and/or modification to such motions, as stated by the Court during such hearing, fully applies to the rulings as stated below, and the ruling set forth herein do not exclude or supplant any clarification, reasoning, and/or modification as stated in the record.

## I.     *Daubert* Motions and Motions for Summary Judgment

Defendants' Motion to Strike Portions of the Expert Reports of Alexander Haimovich, Ph.D. and Geoffrey Orsak, Ph.D. (Dkt. No. 457) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Defendants' Joint Motion to Strike the Testimony of and Preclude the Opinion of Plaintiff's Expert Jeffrey T. Prince Regarding His Surveys on Consumer Preference (Dkt. No. 495) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Wi-LAN's *Daubert* Motion to Exclude the Report and Testimony of Matthew B. Shoemake Regarding Issues Related to the IEEE 802.11 Standards Process (Dkt. No. 497) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Plaintiff Wi-LAN's *Daubert* Motion to Exclude the Report and Testimony of Matthew B. Shoemake Regarding patents Relevant, Related, or Essential to the IEEE 802.11n Standard and

Patent Search Related Thereto (Dkt. No. 498) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Plaintiff's Motion to Exclude and Strike Portions of the Expert Report and Testimony of Dr. Kevin J. Negus on FCC-related Issues (Dkt. No. 499) is **DENIED**, except that Dr. Negus may not engage in speculation regarding the technological or commercial success or failure of Wi-LAN, pursuant to the Court's reasoning as fully set forth in the record.

Defendants' Joint Motion to Strike and Preclude the Expert Reports and Testimony of Dr. Michael P. Akemann, Dr. David J. Teece, and Richard J. Holleman on FRAND (Dkt. No. 500) is **DENIED-AS-MOOT**, pursuant to the Court's reasoning as fully set forth in the record.

Defendants' *Daubert* Motion to Exclude the Report and Testimony of Michael P. Akemann Regarding Damages (Dkt. No. 501) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Plaintiff's Motion to Exclude and Strike Portions of the Expert Report of W. Christopher Bakewell and to Preclude Expert Testimony (Dkt. No. 504) is **GRANTED-IN-PART** to exclude Mr. Bakewell's analysis of the Trip Report, but otherwise **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Plaintiff's *Daubert* Motion to Exclude Certain Portions of the Invalidity Reports of Matthew Shoemake and Anthony Acampora (Dkt. No. 505) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

Defendants' Motion for Partial Summary Judgment on the Invention Dates of the Patents-in-Suit (Dkt. No. 502) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

## II. Plaintiff's Motions *in Limine* (Dkt. No. 518) and Defendants' Motions *in Limine* (Dkt. No. 513).

The Court reminds the parties that its ruling on a motion *in limine* is not a definitive ruling on the admissibility of evidence. An order granting a motion *in limine* is an order requiring the offering party to approach the bench and seek leave from the Court prior to mentioning the matter covered by the order to the jury or the jury panel during *voir dire*. Similarly, an order denying a motion *in limine* does not relieve a party from making an objection at trial.

**Plaintiff's Motion *in Limine* No. 1** (Private lives: religion, politics, marital status, family lives, recreation, spending or finances) is **GRANTED** as agreed.

**Plaintiff's Motion *in Limine* No. 2** (Profane, sexual, inflammatory, off-color or offensive statements in exhibits or testimony) is **GRANTED** as agreed.

**Plaintiff's Motion *in Limine* No. 3** (Testimony or evidence from or about a putative fact witness who was not timely disclosed) is **DENIED-AS-MOOT**, pursuant to the parties' agreement as stated on the record.

**Plaintiff's Motion *in Limine* No. 4** (Court orders, argument, evidence or testimony that is contrary to the Court's claim constructions or in support of a position previously rejected by the Court) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 5** (Outcome-oriented payments from prior litigations received by any Wi-LAN witness) is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 6** (Other litigations not involving the patents-in-suit, or foreign counterparts) is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the

record.

**Plaintiff's Motion *in Limine* No. 7** (Interpretive evidence from authors or sponsors of prior art references) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record. However, the parties are reminded that fact witnesses are prohibited from offering opinion testimony within the purview of an expert witness pursuant to Federal Rule of Evidence 702.

**Plaintiff's Motion *in Limine* No. 8** (Wi-LAN being alleged to be an "NPE" or other derogatory or misleading term) is **GRANTED-IN-PART** as to preventing Defendants from characterizing Plaintiff as a "shell company" or other pejorative term that attempts to slur or negatively characterize any of the named parties or witnesses. The motion is **DENIED-IN-PART** with respect to factual statements, including statements that Plaintiff is a non-manufacturer or a non-practicing entity (a/k/a an "NPE").

**Plaintiff's Motion *in Limine* No. 9** (The Sunlight Report, TechIPm Report or Patent Café valuation) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 10** (The Qualcomm "patent wall") is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the record. The parties are prohibited from publishing the photograph or picture of the "patent wall" to the jury, but may identify Qualcomm as an owner of many patents.

**Plaintiff's Motion *in Limine* No. 11** (Patents other than the patents-in-suit) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 12** (Reference in the jury's presence to the pending reexamination proceedings) is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 13** (Letters of assurance, FRAND commitments, obligations, or conduct relating to any industry standard not asserted here, e.g., 802.11(b)) is **GRANTED** as agreed.

**Plaintiff's Motion *in Limine* No. 14** (Sworn testimony from other litigations for any purpose other than impeachment) is **GRANTED** as agreed.

**Plaintiff's Motion *in Limine* No. 15** (Prior testimony of Dr. David Teece, Wi-LAN's FRAND expert, regarding any Georgia-Pacific damages analysis) is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 16** (The royalty rates or terms of any patent pool) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 17** has been **WITHDRAWN**.

**Plaintiff's Motion *in Limine* No. 18** (Wi-LAN licensing activity not directed to wireless standards, e.g., V-chip or DSL) is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 19** (No argument, evidence, reference or testimony by any expert witness about the demeanor, state of mind or credibility of any fact witness) is **GRANTED** as agreed.

**Plaintiff's Motion *in Limine* No. 20** (Negus's interactions with McKool Smith prior to this case) is **GRANTED** as agreed.

**Plaintiff's Motion *in Limine* No. 21** (Allegedly acceptable non-infringing alternatives that were not identified in discovery) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Plaintiff's Motion *in Limine* No. 22** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. A** (Preclude References to the Clear and Convincing Standard of Proof in Texas Family Code) is **GRANTED** as agreed.

**Defendants' Motion *in Limine* No. B** (Preclude Evidence and Argument Related to Defendants' Total Product and Non-Accused Component Prices and Revenues and Other Unfairly Prejudicial Numbers) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Defendants' Motion *in Limine* No. C** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. D** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. E** (Preclude References to Uncorroborated Invention Dates) is **GRANTED** as agreed.

**Defendants' Motion *in Limine* No. F** (Preclude References to Any Alleged Defendants' Joint Defense Agreement) is **GRANTED**, pursuant to the Court's reasoning as fully set forth in the record.

**Defendants' Motion *in Limine* No. G** (Preclude In-Court References to a Statement Concerning the '222 Patent in the 1999 Agreement Between Wi-LAN and Non-party Philips Semiconductors, Inc.) is **DENIED**. This ruling is made consistent with the Court's disposition of Defendants' objections regarding Plaintiff's exhibit PX378, which has been pre-admitted without redactions.

**Defendants' Motion *in Limine* No. H** (Preclude Expert Testimony of Michael Akemann With Regard to Surveys) is **GRANTED** as agreed.

**Defendants' Motion *in Limine* No. I** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. J** (Preclude References to Defendants' Alleged Failure to Obtain Opinion of Counsel) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Defendants' Motion *in Limine* No. K** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. L** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. M** (Preclude Opinion of Plaintiff's Expert Jeffrey Prince Regarding His Surveys on Consumer Preferences) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Defendants' Motion *in Limine* No. N** has been **WITHDRAWN**.

**Defendants' Motion *in Limine* No. O** (Preclude Opinion of Plaintiff's Expert Witnesses Alexander Haimovich and Geoffrey Orsak Relating to Secondary Considerations of Non-obviousness) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

**Defendants' Motion *in Limine* No. P** has been WITHDRAWN.

### III. Counterclaims and Affirmative Defenses of FRAND

Defendants have voluntarily elected to drop their counterclaims and affirmative defenses as to the issue of FRAND. Nonetheless, the parties continue to dispute the impact of such, namely whether Defendants may continue to assert FRAND as a non-affirmative defense in their reasonable royalty analysis or as a "business" defense in the hypothetical negotiation scenario in response to Plaintiff's evidence on damages.

As announced on the record, the Court finds that Defendants have the affirmative burden of proof in this regard and FRAND is not a purely defensive response to Plaintiff's damages case. Accordingly, the Court finds that the issue of FRAND is an affirmative defense which, in light of

8

Defendants having voluntarily dropped their counterclaims and affirmative defenses as to FRAND, is now out of this case for *all purposes*. Defendants may not raise the issue of FRAND in response to Wi-LAN's damages case or for any other purpose in this trial.

## IV.     October 9, 2013 Joint Notice of Outstanding Exhibits (Dkt. No. 607)

The Court heard argument on the disputed exhibits listed in the parties' October 9, 2013 Joint Notice of Outstanding Exhibits (Dkt. No. 607) and announced its rulings and reasoning in the record. Any disputed exhibit for which the Court has overruled the opposing party's objection is deemed pre-admitted. Any exhibit on each side's exhibit list not specifically objected to at the October 10, 2013 hearing and otherwise contained within the parties' October 9, 2013 Joint Notice of Outstanding Exhibits is also deemed pre-admitted. As the Court informed the parties at the pretrial hearing, a pre-admitted exhibit will not become part of the record in this case unless it is introduced, published, or otherwise used before the jury at trial. Further, objections not made during the pre-admission process are considered waived and may not be raised during trial. Objections overruled during the pre-admission process are preserved for appeal without being re-urged during the case in chief in the event the underlying exhibit is utilized at trial.

## V.     Trial Procedure

Jury Selection is scheduled for 9:00 am on October 15, 2013. The parties each have 30 minutes per side for *voir dire*, and up to 3 minutes of such *voir dire* time may be used for general high-level background or case introduction purposes. The parties are expressly instructed to refrain from argument during *voir dire*.

Trial is scheduled to begin immediate following jury selection. As the Court has previously instructed, the parties will have 14 hours per side to present their evidence, not including opening

and closing statements. The parties each have 35 minutes per side for opening statements and 40 minutes per side for closing statements. Court will use its best efforts to be in chambers and available by 7:30 am each day before the start of evidence to take up any housekeeping matters or late-arriving disputes that might come up during trial. Any deposition clip objections must be brought to the Court's attention on a rolling basis during the morning hour on the day *before* such clip is expected to be played at trial. In addition, pre-admitted exhibits used before the jury each day will be identified and their exhibit numbers read into the record the next morning before the jury is brought into the Courtroom.

**So ORDERED and SIGNED this 11th day of October, 2013.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE